UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH,

          Plaintiff,

v.

CLARE COUNTY, a municipal
corporation; GENESEE COUNTY, a
municipal corporation; JOHN
WILSON, Clare County Sheriff, in his
official capacity; CHRISTOPHER
SWANSON, Genesee County Sheriff,
in his official capacity; DEPUTY
WILLIAMS, officer in Clare County,
in his individual capacity; DEPUTY
MAJOR, officer in Clare County, in
his individual capacity,

          Defendants.

Case No. 2:19-cv-12079-DML-DRG

Hon. David M. Lawson

Magistrate Judge David R. Grand

**PLAINTIFF'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND
RECOMMENDATION TO
GRANT DEFENDANTS'
MOTIONS TO DISMISS**

---

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Emily G. Ladd (P83876)
MILLER, CANFIELD, PADDOCK &
STONE, P.L.C.
840 W Long Lake Road, Suite 150
Troy, Michigan 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com
ladd@millercanfield.com
*Attorneys for Plaintiff*

Thomas D. Beindit (P81133)
ROSATI SCHULTZ JOPPICH &
AMTZBUECHLER PC
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
tbeindit@rsjalaw.com
*Attorneys for Defendants Clare
County, Wilson, Williams, and Major*

Rhonda R. Stowers (P64083)
PLUNKETT COONEY
111 E. Court Street, Suite 1B
Flint, MI 48502
(810) 342-7003
rstowers@plunkettcooney.com
*Attorneys for Defendants Genesee
County and Swanson*

For the reasons stated in the following Brief in Support, Plaintiff Robert Smith objects to the Magistrate Judge's Report and Recommendation to Grant Defendants' Motions to Dismiss (the "R&R") (ECF No. 56).

WHEREFORE, Plaintiff Robert Smith respectfully requests that the Court reject the findings and recommendations of the R&R; deny the Clare County Defendants' Motion to Dismiss, (ECF No. 38); deny Genesee County and Swanson's Motion to Dismiss, (ECF No. 41); and grant Plaintiff such other and further relief as is just and equitable.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.

By: /s/ *Emily G. Ladd*
      Thomas W. Cranmer (P25252)
      Russell J. Bucher (P82349)
      Emily G. Ladd (P83876)
      840 W Long Lake Road, Suite 150
      Troy, Michigan 48098
      (248) 267-3381
      cranmer@millercanfield.com
      bucher@millercanfield.com
      ladd@millercanfield.com
      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH,

        Plaintiff,

v.

CLARE COUNTY, a municipal
corporation; GENESEE COUNTY, a
municipal corporation; JOHN
WILSON, Clare County Sheriff, in his
official capacity; CHRISTOPHER
SWANSON, Genesee County Sheriff,
in his official capacity; DEPUTY
WILLIAMS, officer in Clare County,
in his individual capacity; DEPUTY
MAJOR, officer in Clare County, in
his individual capacity,

        Defendants.

Case No. 2:19-cv-12079-DML-DRG

Hon. David M. Lawson

Magistrate Judge David R. Grand

**BRIEF IN SUPPORT OF
PLAINTIFF'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND
RECOMMENDATION TO
GRANT DEFENDANTS'
MOTIONS TO DISMISS**

---

Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Emily G. Ladd (P83876)
MILLER, CANFIELD, PADDOCK &
STONE, P.L.C.
840 W Long Lake Road, Suite 150
Troy, Michigan 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com
ladd@millercanfield.com
*Attorneys for Plaintiff*

Thomas D. Beindit (P81133)
ROSATI SCHULTZ JOPPICH &
AMTZBUECHLER PC
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
tbeindit@rsjalaw.com
*Attorneys for Defendants Clare
County, Wilson, Williams, and Major*

Rhonda R. Stowers (P64083)
PLUNKETT COONEY
111 E. Court Street, Suite 1B
Flint, MI 48502
(810) 342-7003
rstowers@plunkettcooney.com
*Attorneys for Defendants Genesee
County and Sheriff Swanson*

## ISSUES PRESENTED

1. Should this Court find that the Magistrate Judge erred in concluding that Plaintiff failed to state a claim against Defendants Major and Williams, given that their refusal to ensure that Plaintiff's legal paperwork was returned to him denied him access to the courts, that Plaintiff's loss of the ability to take a direct appeal of his criminal sentence as a result of Defendants' actions constitutes "actual injury," and that Plaintiff did not have access to counsel when Defendants unconstitutionally deprived him of his right of access to the courts?

2. Plaintiff alleged that Genesee County and Sheriff Wilson had a duty to ensure the preservation of Plaintiff's personal property, including his legal paperwork, and that they breached this duty via their policies, procedures, regulations, customs, and/ or lack of training of unknown officers who failed to ensure that Plaintiff's legal paperwork was returned to him. Plaintiff also alleged that Genesee County does not have a law library—an allegation that the R&R fails to address. Furthermore, Plaintiff alleged that Clare County and Sheriff Wilson breached their duties via their policies, procedures, regulations, customs, and/or lack of training not only with respect to Deputies Williams's and Major's refusals to transport Mr. Smith's legal paperwork and personal property with him when Mr. Smith was transferred to the Clare

2

County Jail, but also with respect to Clare County Jail officials who, in the months following his transfer, repeatedly ignored Plaintiff's requests and failed to ensure that Plaintiff's paperwork was transferred to Clare County Jail in a timely fashion. Should this Court find that the Magistrate Judge erred in concluding that Plaintiff failed to state a *Monell* claim?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

<u>Cases:</u>

*Amadasu v. The Christ Hosp.*, 514 F.3d 504 (6th Cir. 2008)

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)

*Campbell v. Miller*, 787 F.2d 217 (7th Cir. 1986)

*Cash v. Wetzel*, 8 F. Supp. 3d 644 (E.D. Pa. 2014)

*Cash v. Hamilton Cty. Dep't of Adult Probation*, 388 F.3d 539 (6th Cir. 2004).

*Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991)

*Draper v. Washington*, 372 U.S. 487 (1963)

*Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016).

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010)

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993).

*Lewis v. Casey*, 518 U.S. 343 (1996)

*Lipman v. Budish*, 974 F.3d 726 (6th Cir. 2020)

*McGlone v. Bell*, 681 F.3d 718 (6th Cir. 2012)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430 (6th Cir. 2008)

*Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006)


<u>Statutes and Court Rules:</u>

28 U.S.C. § 636(b)(1)

## INTRODUCTION

Defendants Clare County, John Wilson, and Deputies Major and Williams (the "Clare County Defendants") filed a motion to dismiss all of Plaintiff's claims in his First Amended Complaint against the Clare County Defendants. (ECF No. 38). Defendants Genesee County and Christopher Swanson (the "Genesee County Defendants" filed a motion to dismiss all of Plaintiff's claims in his First Amended Complaint against the Genesee County Defendants. (ECF No. 41). Magistrate Judge David Grand has issued a report and recommendation that both motions to dismiss be granted. (ECF No. 56) (the "R&R). For the following reasons, Plaintiff respectfully requests that this Court not adopt the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. Proc. 72(b)(3).

## OBJECTIONS

I.   **The R&R wrongly concluded that Plaintiff failed to state a claim against Defendants Major and Williams.**

   A.   Deputies Major and Williams denied Plaintiff access to the courts.

   The R&R first recommended dismissing Plaintiff's claims against Defendants Deputies Major and Williams on the grounds that Deputies Major and Williams "can

5

only be responsible for – at most – one day's delay in Smith receiving his paperwork," R&R p. 9, ECF No. 56, PageID.429, and that such a minor delay and inconvenience cannot amount to a violation of Plaintiff's right of access to the courts, *see id.* at 10. This Court should reject these conclusions and the R&R's recommendation, on both factual and legal grounds.[1]

At a factual level, Plaintiff's allegations in the Complaint do not support a reasonable inference that Deputies Major and Williams "can only be responsible for – at most – one day's delay in Smith receiving his paperwork," R&R p. 8, ECF No. 56, PageID.429. That's even more so given that the Complaint must be construed in the light most favorable to Plaintiff. *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008). When Deputies Major and Williams took custody of Plaintiff, they laughed in his face after he asked to bring his legal paperwork with him upon his transfer, despite Plaintiff specifically telling them that he needed the papers to challenge his state sentence. Am. Compl., ¶¶ 21, 23, 25, 27, 28, ECF No. 33, PageID.93. There is every basis for inferring that the Deputies believed that as a result of their actions, Plaintiff would never get his paperwork back, and that they

---

[1] The R&R also faults Plaintiff for "cit[ing] no case law in support of his claim that [the Deputies'] inaction constitutes a violation of his constitutional rights." R&R p. 9, ECF No. 56, PageID.430. But it is Defendants, as the moving parties, who have the burden of establishing failure to state a claim upon which relief may be granted. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

were deliberately indifferent to that outcome. *See id.*, ¶ 28 (the Deputies both laughed at his distress, and one stated "good luck getting that back"). And indeed, but for the Deputies' knowing, jeering refusal to ensure that Plaintiff was transported along with his legal papers, Plaintiff would not have missed the deadline for his appeal. *Id.* ¶ 32. The R&R does not explain how the Deputies' actions occasioned only "a brief delay," R&R p. 9, ECF No. 56, PageID.429, nor how such a factual inference could possibly be drawn when the Complaint is construed in Plaintiff's favor. Similarly, the R&R never explains how it draws the unwarranted factual conclusion that the deputies were just "doing their job." *Id.*  It is not at all clear that it a deputy's "job" to transport a prisoner without any of his belongings or legal paperwork; the R&R should not have made such an inference.

Legally, the R&R errs by maintaining that officials' short-lived or minor delays in ensuring access to the courts cannot give rise to viable access-to-the-courts claims. *See id.*, pp. 9–10. The two cases the R&R cites in support of that conclusion make clear that it is not the duration of the delay that matters but rather the impact of that delay upon the plaintiff's *ultimate ability* to access the courts. In *Chandler v. Baird*, the Court of Appeals for the Eleventh Circuit upheld the lower court's grant of summary judgment[2] on two separate access-to-courts claims. *See* 926 F.2d 1057,

---

[2] *Chandler* did not involve the grant of a motion to dismiss, which further distinguishes the Eleventh Circuit's decision from this case. "A motion to dismiss
Continued on next page.

1061–62 (11th Cir. 1991). The plaintiff in *Chandler* was not permanently deprived of access to legal materials with respect to either of his underlying claims; nor did he miss a filing deadline as a result of the defendants' actions. *See id.* at 1062–63. Instead, he was separated from his papers for a little more than two weeks, at which point he regained full access and thus was able to pursue the underlying legal actions. *See id.* at 1063. In the unpublished *Taylor v. Widup*, in turn, the district court's language about delay was mere free-floating dicta accompanied by a citation to a Seventh Circuit case. *See* No. 2:07-cv-301, 2007 WL 3256598, at *4 (N.D. Ind. Nov. 2, 2007) (citing *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986, *cert. denied*, 479 U.S. 1019 (1986)). And the Seventh Circuit's own holding in that case makes clear that exactly why the present case is completely distinguishable: there, the plaintiff had not "argued that he has been unable to meet his court deadlines, or that he ha[d] had a suit dismissed because of" defendants' actions. Standing alone, reasonable delay and inconvenience do not rise to the level of a constitutional deficiency." 787 F.2d at 229.

In this case, it was precisely Plaintiff's inability to file any appeal whatsoever that underlies his access-to-courts claims against Deputies Major and Williams (as well as against the other Defendants). Plaintiff's separation from his legal paperwork

---

for failure to state a claim is disfavored, especially when one's civil rights are at stake." *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012) (citations omitted).

was not "short-lived"; it never even ended. *See* Am. Compl., ¶¶ 40–41, ECF No. 33, PageID.101. Accordingly, the R&R erred in finding that Deputies Major and Williams could not have violated Plaintiff's rights because they had at most occasioned only a one-day delay in Plaintiff receiving his legal papers.

B.   <u>Plaintiff's loss of the ability to take a direct appeal of his criminal sentence as a result of Defendants' actions constitutes "actual injury" sufficient to state a claim for deprivation of access to the courts.</u>

The R&R wrongly recommended granting Defendants' Motions to Dismiss on the additional ground that Mr. Smith did not suffer "actual injury" because "his alleged appeal is frivolous." R&R p. 9 & n. 7, ECF No. 56, PageID.430. This conclusion runs afoul of a core principle that the R&R itself acknowledged: one example of actual prejudice is "missing a court-imposed deadline." Id. At 7 (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996).

Because of that principle, the passing of a deadline for filing a criminal appeal or habeas petition *itself* gives rise to the requisite prejudice. *See*, *e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff who claimed that defendants' actions prevented him from filing pro se brief for direct appeal of his guilty plea sufficiently alleged actual injury, given that plaintiff "wished simply to appeal his conviction, as was his fundamental right"); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Cash v. Wetzel*, 8 F. Supp. 3d 644, 659 (E.D. Pa. 2014) (holding that plaintiff stated claim for denial of access to the courts when defendants "separated plaintiff

9

from his legal materials which caused him to be unable to adequately litigate his direct appeal").

In support of its conclusion to the contrary, the R&R cited only one unpublished case, from the Western District of Michigan. R&R p. 9 & n. 7, ECF No. 56, PageID.430 (citing *Spearman v. Heyns*, No. 2:15-cv-15, 2015 WL 4249105, at *11 (W.D. Mich. July 13, 2015)). But the plaintiff in that case was alleging that the defendants' action "affected his ability to appeal his misconduct conviction." *Spearman*, 2015 WL 4249105, at *11. That is, he was alleging that defendants' "withholding of his legal property prevented him from formulating a defense to" or "filing a meritorious appeal of" an administrative sanction by prison officials. *Id.* at *2. But Plaintiff Smith has alleged that Defendants' actions in this case impeded Plaintiff's making a direct appeal of his criminal sentence. There is no room for the R&R to deem Plaintiff's appeal "frivolous" and therefore conclude that Defendants were free to deny him his fundamental Constitutional right to appeal his criminal sentence. *See Draper v. Washington*, 372 U.S. 487, 499–500 (1963) (holding that trial judge's conclusion that an appeal is meritless is not a basis for preventing full appellate review by denying indigent's request for a transcript).

C.  The fact that Plaintiff had government-appointed counsel *before* the Defendants unconstitutionally deprived him of his right of access to the courts does not bar Plaintiff's claims.

The R&R recommended granting Defendants' Motions to Dismiss on the additional ground that Mr. Smith "had legal counsel with regard to his proceedings in the Genesee County Circuit Court," R&R, p. 10, ECF No. 56, PageID.430, and thus "could have raised the issue of his missing legal paperwork" with either that attorney or with the appellate attorney whom Plaintiff had a right to request under Michigan law, *see id.* at 11. This conclusion was error, because it ignored the timeline of the relevant events as pled and impermissibly drew unwarranted factual inferences in Defendants' favor.

The fact is that Plaintiff did not have state-court criminal counsel at the relevant time: when Deputies Williams and Major violated his rights—or indeed at any time when Plaintiff was in the custody of Clare County. Plaintiff's last proceedings in the Genesee County Circuit Court occurred on March 4, 2019. Am. Compl., ¶ 19; ECF No. 33, PageID.97. Plaintiff had pleaded guilty during those proceedings in reliance on the erroneous assurances of his appointed state-court public defender that Plaintiff would be placed in a drug-treatment program instead of jail if he pleaded guilty. *Id.* ¶¶ 17–19. It was only a week later, on March 12, 2019, that Plaintiff encountered Defendants Major and Williams. *Id.* ¶ 21. It was their acts on that day (and the consequences of those acts, across the weeks that followed) that Plaintiff alleges constitute their denial of his right of access to the courts. *See id.* ¶¶

11

23–28. There is thus no basis for concluding that Plaintiff had access to his state-court public defender at any time relevant to his claims against Defendants.

What's more, Plaintiff has alleged that his desire to challenge his sentence arose in part out of his public defender's mistaken assurances regarding sentencing. *Id.* ¶¶ 16–19. To state it mildly, it is not reasonable to expect a client to discuss the legal consequences of bad counsel with the attorney who himself provided that counsel.

The fact that Plaintiff had a right to request state-court appellate counsel is irrelevant. *See* R&R, p. 11, ECF No. 56, PageID.431 (citing MCR 6.425(G)(1)). Michigan Court Rule 6.425(G)(3) provides that

> The [sentencing] court also must give the defendant a request for counsel form containing an instruction informing the defendant that the form must be completed and filed within 42 days after sentencing if the defendant wants the court to appoint a lawyer.

Viewing the complaint in the light most favorable to Plaintiff, this appellate-counsel-request form was among the legal paperwork that Plaintiff was denied access to as a result of Defendants' actions.[3] Indeed, the Court Rule itself mandates that the court "must give" the form to "the defendant." Simply put, Plaintiff could

---

[3] And in fact, the appellate-request form *was* among the legal paperwork that Plaintiff no longer had access to. Plaintiff will be filing a motion to file a Second Amended Complaint within the next week, within which there will be a specific allegation to this effect.

not consult with appellate counsel because Defendants deprived him of his paperwork for requesting appellate counsel. Viewing the complaint in the light most favorable to Plaintiff, therefore, there is no basis for concluding, as the R&R did, that Plaintiff "could have raised the issue of his missing legal paperwork" with such hypothetical appellate counsel or with the public defender who represented him before Defendants' actions took place. *See* R&R, p. 11, ECF No. 56, PageID.431.

## II.     The Magistrate Judge erred in concluding that Smith failed to sufficiently plead a *Monell* claim against either Genesee or Clare County.

"[T]o survive a motion to dismiss, a § 1983 claim for municipal liability based on actions taken pursuant to official policy, practice or custom must include adequate allegations (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Gavitt v. Born*, 835 F.3d 623, 648 (6th Cir. 2016). There is no heightened pleading standard for municipal liability claims. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

The R&R wrongly recommended granting Defendants' Motions to Dismiss with regards to Plaintiff's *Monell* claims against Clare County and Genesee County on the grounds that "Smith has not pled and cannot show that either Clare County or Genesee County had any unconstitutional polices, practices, or procedures in place at the time of the events in question." *See* R&R, p. 11, ECF No. 56, PageID.431. "At

13

the motion-to-dismiss state, without the benefit of discovery," Plaintiff need only plead facts that are "enough to draw the reasonable inference that [a] custom was widespread . . . and known to policymakers." *Lipman v. Budish*, 974 F.3d 726, 749 (6th Cir. 2020). And while an "isolated unconstitutional act cannot establish *Monell* liability," *Badder v. Schmidt*, 50 F. Supp. 3d 902, 919 (E.D. Mich. 2014), an unconstitutional policy may be inferred from multiple instances of unconstitutional conduct, *see Cash v. Hamilton Cty. Dep't of Adult Probation*, 388 F.3d 539, 543 (6th Cir. 2004).

At the motion-to-dismiss stage, the Court is not only to engage in a "fair reading" of the Complaint, but also to "view the complaint in the light most favorable to plaintiff, accept [his] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citations omitted). Contrary to the R&R, Plaintiff's factual allegations, accepted as true and viewed in the light most favorable to Plaintiff, are enough to draw a reasonable inference that the Counties failed to train their officers.[4]

---

[4] Footnote 13 of the R&R erroneously suggests that if the Court determines that Plaintiff failed to state an access to courts claim against Deputies Major and Williams, then his *Monell* claims must also fail. R&R p. 15 n. 13, ECF No. 56, PageID.436. Plaintiff does not allege, however, that Deputies Major and Williams' actions alone support *Monell* claims against *both* Genesee County and Clare County. Rather, as stated in Plaintiff's Complaint, it is the numerous actions by both the Genesee and Clare County Defendants, including the transfer of Plaintiff's legal paperwork by unknown Genesee County officers and Genesee County's official policy of not having a law library, that support Plaintiff's *Monell* claims.

With regard to Plaintiff's *Monell* claims against Clare County, Plaintiff alleged that Clare County and Sheriff Williams breached their duties via "their policies, procedures, regulations, customs, and/or lack of training Deputies Williams and Major" in not only "refusing to transport Mr. Smith's legal paperwork and personal property" with him when he was transferred to the Clare County Jail, but also, in the *months* following his transfer, failing "to ensure that Mr. Smith's legal paperwork and personal property were transferred to Clare County Jail in a timely fashion." Am. Compl., ¶ 58; ECF No. 33, PageID.104. Plaintiff also alleged that "[a]fter he arrived at the Clare County Jail, [Plaintiff] filled out numerous internal complaints . . . to Clare County jail personnel specifically requesting the return of his legal paperwork and his personal property," and that he never received a single response to any of them. *Id.* ¶ 29. This means that multiple personnel at the Clare County Jail were aware that Plaintiff had been deprived of his legal paperwork and still did nothing. The natural inference from these allegations is that Plaintiff's constitutional injury was the result of an unconstitutional policy, practice or procedure regarding actions to be taken when transferring persons to the jail and when responding to requests for necessary legal materials.

Similarly, with regard to Plaintiff's *Monell* claim against Genesee County, Plaintiff alleged that the Genesee County Defendants not only failed to return his personal property, including paperwork necessary for him to pursue an appeal, but

also inexplicably transferred it to the Bureau of Alcohol, Tobacco and Firearms—an action which only further frustrated Plaintiff's desperate attempts to retrieve his property over the course of several *months.* Am. Compl. ¶¶ 37, 50, 59, ECF 33, PageID.101. The R&R does not address this allegation, nor does it address any of the allegations in Plaintiff's Complaint regarding Genesee County's failure to provide a law library to inmates, a failure which further prevented Plaintiff from being able to challenge his state sentence. Am. Comp. ¶¶35–36, ECF No. 33, PageID.100. It is inconceivable that a jail would not have a law library absent an official policy of not having one. For this independent reason, the Court should not accept the findings and recommendations of the R&R as they relate to Plaintiff's *Monell* claims against Genesee County.

Furthermore, the case law cited in the R&R does not support a conclusion that Smith has not adequately pleaded an unconstitutional policy, practice or procedure or that Plaintiff's injury was the result of said policy, practice or procedure. For example, *Brent v. Wayne County Dep't of Human Servs.*, is distinguishable from Plaintiff's case. There, the court upheld dismissal because the plaintiff's allegation of an unconstitutional policy was based solely on allegations that were "vague [and] outside-the-pleadings." 901 F.3d 656, 698 (6th Cir. 2018). *Burgess v. Fischer* is also distinguishable because it involves a grant of summary judgment. 735 F.3d 462, 478 (affirming dismissal of a plaintiff's *Monell* claim on motion for summary judgment).

16

And unlike the plaintiff in *Jones v. Muskegon*, Plaintiff does not rely on a single isolated act to establish an unconstitutional policy, but rather a repeated pattern of failing to ensure that Plaintiff's legal paperwork was returned to him after being transferred to the Clare County Jail by officers at both the Clare County and Genesee Defendants. Am. Compl., ¶¶ 29, 37, 50, 58, 59; ECF No. 33, PageID.104.

The R&R also contends that it is unreasonable to infer that the Counties failed to train their officers that they have to act when legal paperwork is requested given that Plaintiff made no requests of the entity actually in possession of the legal paperwork. *See* R&R, pp. 14–15, ECF No. 56, PageID.435–436. It is unreasonable, however, to require an inmate plaintiff to have exhausted every conceivable means of gaining meaningful access to the courts in order to survive a motion to dismiss. And drawing such a conclusion is not in line with the Sixth Circuit's disfavor of dismissing a motion or failure to state a claim, particularly when one's civil rights are at stake, *see McGlone*, 681 F.3d at 728, nor is it consistent with the requirement that the court draw all reasonable inferences in Plaintiff's favor, *Bassett*, 528 F.3d at 430 (citations omitted).

## CONCLUSION

For the reasons stated in this Brief and in Plaintiff's Responses to the respective Motions to Dismiss, Plaintiff Robert Smith respectfully requests that the Court reject the findings and recommendations of the Magistrate Judge's Report and

Recommendation; deny the Clare County Defendants' Motion to Dismiss; deny Genesee County and Swanson's Motion to Dismiss; and grant Plaintiff such other and further relief as is just and equitable.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.

By:   /s/ *Emily G. Ladd*
Thomas W. Cranmer (P25252)
Russell J. Bucher (P82349)
Emily G. Ladd (P83876)
840 W Long Lake Road, Suite 150
Troy, Michigan 48098
(248) 267-3381
cranmer@millercanfield.com
bucher@millercanfield.com
ladd@millercanfield.com
*Attorneys for Plaintiff*

Dated: November 12, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020, I caused to be electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record, and that, per LR 72.1, I caused the foregoing papers to be served on the magistrate judge.


By: */s/ Emily Ladd*
Emily G. Ladd (P83876)